IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

PATRICK ROAN )
    Plaintiffs, )
v. ) Case No. 3:19-cv-291
 ) Judge Richardson/Frensley
UNITED PARCEL SERVICE, INC. )
    Defendants. )

## REPORT AND RECOMMENDATION

This matter is pending before the Court on Defendants United Parcel Service, Inc. ("UPS") and Kim Mitchell's Motion to Dismiss. Docket No. 14. Defendants filed a supporting memorandum of law. Docket No. 15. The pro se Plaintiff has filed a response in opposition. Docket No. 21. For the reasons stated herein, the undersigned recommends that the Defendants' motion be GRANTED, and that Plaintiff's action be dismissed with prejudice.

## BACKGROUND

This is an employment discrimination action brought by the pro se Plaintiff against Defendants, UPS, his employer, and Kim Mitchell, ("Mitchell") his supervisor at UPS.[1] Plaintiff asserts he was discriminated against on the basis of his race and sex and in retaliation for having previously filed a charge of discrimination with the EEOC and action in federal court. Docket No. 1, pp. 2-3. Specifically, Plaintiff claims that he was retaliated against for filing a previous lawsuit in this Court resulting in Ms. Mitchell cutting his hours which forced him to quit attending wellness classes. *Id.*

Plaintiff contends that the discrimination alleged in the Complaint occurred on or about September 23, 2017. *Id.* at p. 2. Plaintiff filed a charge of discrimination with the EEOC

---

[1] Though Mitchell has not been served with process, she joins the Motion to Dismiss. Docket No. 14.

complaining about the acts of discrimination alleged in his Complaint on or about April 26, 2018. *Id.* The EEOC issued a Notice of Right to Sue received by the Plaintiff on March 26, 2019. *Id.* He filed the instant action on April 9, 2019. Docket No. 1.

The Defendants filed the instant motion pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.01 on the following grounds:

> (1) Plaintiff's claims are judicially estopped because he failed to disclose these claims during the pendency of his bankruptcy case; (2) Plaintiff lacks standing to bring his claims because they are a part of the bankruptcy estate; (3) Plaintiff has failed to assert sufficient facts to state a claim upon which relief may be granted; (4) even assuming that facially Plaintiff has alleged sufficient facts, those facts, even if accepted as true, cannot support a viable claim under Title VII; and (5) Plaintiff cannot bring claims against Mitchell under Title VII as a matter of law.

Docket No. 15, p. 1.

Plaintiff filed for Chapter 13 Bankruptcy on April 7, 2015, for which a final decree was issued on September 8, 2015. *In re Roan*, Ch. 13 Case No. 3:15-bk-02333 (Bankr. M. D. Tenn. Sept. 8, 2015). Docket No. 14-1 Plaintiff also filed for Chapter 13 Bankruptcy on June 25, 2015, and a final decree was issued on May 14, 2019. *In re Roan*, Ch. 13 Case No. 3:15-bk-04354 (Bankr. M.D. Tenn. May 14, 2019). Docket No. 14-2. It is undisputed that the Plaintiff did not disclose any of his potential or pending employment discrimination claims, including this one, in his bankruptcy petitions or in his schedule of assets, nor did he inform the Bankruptcy Court of the existence of potential claims. *Id.*

Defendants assert that the Plaintiff's claims are barred by judicial estopple and must be dismissed. Docket No. 15, pp. 5-8. They argue that Plaintiff was well aware of the factual basis for his undisclosed discrimination claims during the pendency of his bankruptcy yet failed to disclose the potential cause of action despite the requirement to do so. *Id.* Because he failed to

disclose the claims in his bankruptcy proceedings, he should be judicially estopped from pursuing the claims at this time. *Id.*

Defendants further argue that the Plaintiff lacks standing to bring the claims as they are the property of the bankruptcy estate, and Plaintiff has no right to pursue the claims on the estate's behalf. *Id.* pp 9-10. Because the cause of action arose while the bankruptcy was pending, it is the property of the bankruptcy estate meaning the Plaintiff no longer has standing to assert the claim or pursue them unless the bankruptcy trustee abandons the claim, or the bankruptcy judge grants specific permission. *Id.* Because Plaintiff lacks standing to bring these claims, Defendants argue the Complaint must be dismissed. *Id.*

The Defendants argue that even if Plaintiff was not judicially estopped or had standing to pursue the claims, his race and sex discrimination claims should be dismissed because there are no allegations to support such claims. *Id.* at pp. 10-11. Defendants note that other than checking the box on the form Complaint for race and sex discrimination, Plaintiff did not make a single factual allegation to support a cause of action for discrimination in this regard. *Id.* They note that all of his claims relate to the allegation of retaliation for filing an EEOC charge and lawsuit. *Id.* Because Plaintiff's allegations of race and sex discrimination rely on nothing more than conclusory statements, Plaintiff has failed to meet the minimum pleading standard or state a plausible claim for relief and therefore his claims for race and sex discrimination should be dismissed. *Id.*

Finally, with respect to Plaintiff's claims against Mitchell, Defendants assert those claims must fail because there is no basis for individual liability under Title VII. *Id.* at pp. 11-12. Plaintiff alleges that Mitchell was his supervisor and he was employed by UPS. *Id.* Because Mitchell was not an employer within the meaning of Title VII, Plaintiff's claims against Mitchell must be dismissed for failure to state a claim. *Id.*

3

Plaintiff has filed a response in opposition to the Motion to Dismiss. Docket No. 21. With respect to the pending motion, Plaintiff acknowledges that he filed bankruptcy in 2015 but points out that "Defendant 'failed' to tell Judge and Magistrate Judge that I Plaintiff was given an Order of Discharge on 2-26-2019." Docket No. 21. Plaintiff offers no further argument or analysis. *Id.*

## LAW AND ANALYSIS

### A. LEGAL STANDARD

#### 1. Rule 8(a)

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F. 3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' ...[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l*

*Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

### 2. Rule 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The purpose of this rule is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In order to preclude dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F. 3d 389, 406 (6th Cir. 1998).

The Court is required to construe the complaint in the light most favorable to the plaintiff and to accept all well-pleaded allegations of fact as being true. *Collins v. Nagle*, 892 F. 2d 489,

5

493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the complaint in the plaintiff's favor, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F. 2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987).

Finally, while pro se complaints are to be construed liberally (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), that liberality does not allow a court to conjure up unpled facts. *McFadden v. Lucas*, 713 F. 2d 143, 147 n. 4 (5th Cir. 1983); *Slotnick v. Staviskey*, 560 F. 2d 31, 33 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077 (1978).

### 3. Judicial Estoppel

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire,* 532 U.S. at 749, 121 S. Ct. 1808 (quoting *Pegram v. Herdrich,* 530 U.S. 211, 227 n. 8, 120 S. Ct. 2143, 147 L. Ed. 2d 164 (2000)). Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Browning v. Levy,* 283 F. 3d 761, 776 (6th Cir. .2002) (quotation omitted).

The Supreme Court identified three considerations that are typically relevant in determining whether judicial estoppel should apply: (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceedings would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair

6

advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750–51, 121 S. Ct. 1808 (internal quotes and citations omitted).

**B. Case at Bar**

Taking the facts pled by the Plaintiff in the Complaint as true as the Court must to resolve a Motion to Dismiss, it is undisputed that Plaintiff contends the discrimination alleged in his Complaint occurred on or about September 13, 2017 and thereafter. Docket No. 1, p. 2. It is further undisputed that he filed a charge of discrimination with the EEOC alleging the discrimination set forth in his Complaint on or about April 26, 2018. *Id.* Plaintiff filed for Chapter 13 bankruptcy relief in 2105. Docket No. 14-2. Plaintiff's bankruptcy was discharged on February 26, 2019. Docket No. 21. Plaintiff filed this action on April 9, 2019. Docket No. 1.

There is simply no escaping the fact that reading the record in the light most favorable to Plaintiff, he had knowledge of a potential discrimination claim against the Defendants as early as September 23, 2017. Plaintiff does not dispute that this potential claim was not listed as a part of the schedule of assets and liabilities filed with the Bankruptcy Court nor did he ever represent to the Bankruptcy Court that he might have such a claim before the proceeding was terminated in February of 2019. Plaintiff's knowledge is further supported by the grievance he filed with the union on May 11, 2018 alleging he was subjected to harassment and retaliation. Docket No. 1-7, pp. 3-4.

In short, the record and Plaintiff's own allegations show that there was ample information prior to February 26, 2019, to trigger Plaintiff's disclosure obligation to the Bankruptcy Court, meaning that by his failure to do so, he "assumed a position that was contrary to the one that he asserted under oath in the bankruptcy proceedings." *White,* 617 F. 3d at 478. Plaintiff has not argued nor is there any evidence to support a claim that the omission was the result of "mistake or

7

inadvertence." There is no evidence that Plaintiff made any disclosure about a potential claim to the Bankruptcy Court and if such a claim existed, there would be a motive to conceal this asset. The actions set forth above show that Plaintiff had knowledge of the factual basis of a potential discrimination claim on or before February 26, 2019, and therefore any omission to the bankruptcy court was not the result of mistake or inadvertence. For these reasons, the undersigned recommends that Defendants' Motion to Dismiss on the grounds of judicial estoppel be GRANTED.

Even if Plaintiff were to survive the collateral estoppel issue, his claims for race and sex discrimination must fail as would his claim against Kim Mitchell under Title VII. Plaintiff's Complaint with regard to race and sex discrimination offers no more than a "checked box." There is no support or allegation sufficient to survive a Motion to Dismiss with respect to his claims for race and sex discrimination. Similarly, to the extent that Defendant Mitchell is identified only in her capacity as a supervisor there is no basis for individual liability with respect to claims asserted by Plaintiff in the Complaint. Therefore, even if Plaintiff's claims were not precluded by his failure to disclose them in the bankruptcy proceedings, these claims must fail.

Title VII imposes liability on "employers." *See* 42 U.S.C. § 2000e-2. Plaintiff is unable to sustain his claim against Defendant Mitchell because she is not an employer as defined by Title VII, and Title VII does not provide for individual liability against those who are not employers within its meaning. *Id. See also Wathen v. General Elec. Co.*, 115 F. 3d 400, 404-405 (6th Cir. 1997). Defendant Mitchell was Plaintiff's supervisor and is employed by Defendant United Parcel Service. As has been noted, Title VII prohibits discrimination by an employer. The Sixth Circuit has held that an individual employee or supervisor, who does not otherwise qualify as an

"employer," may not be held personally liable under Title VII. *Wathen v. General Elec. Co.*, 115 F.3d 400, 404-405 (6th Cir. 1997).

Because Defendant Mitchell was not Plaintiff's employer, Title VII does not provide for the imposition of individual liability on her, and Plaintiff's Complaint fails to state a claim upon which relief may be granted with respect to Defendant Mitchell.

For the reasons stated herein, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 14) Be GRANTED and Plaintiff's Complaint Be Dismissed with Prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

 

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**