IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PATRICK ROAN,            )
                         )
    Plaintiff,           )
                         )    NO. 3:19-cv-00291
v.                       )    JUDGE RICHARDSON
                         )
UNITED PARCEL SERVICE, et al., )
                         )
    Defendants.          )

## MEMORANDUM OPINION & ORDER

On September 3, 2019, Magistrate Judge Frensley issued a Report and Recommendation ("R&R") (Doc. No. 26), recommending that the Court grant Defendants' United Parcel Service, Inc. ("UPS") and Kim Mitchell's Motion to Dismiss. (Doc. No. 14). Plaintiff Patrick Roan, proceeding *pro se*, filed timely objections (Doc. No. 27, "Objections") to the R&R, and Defendants responded to Plaintiff's Objections (Doc. No. 28, "Response"). Plaintiff has also filed a "Motion to Dismiss Defendants' Response" (Doc. No. 29), which in substance is not actually a motion but rather a reply to Defendants' Response, and the Court will construe it accordingly. For the following reasons, Plaintiff's objections will be overruled and Plaintiff's Motion to Dismiss Defendants' Response will be denied.[1]

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review de novo any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in

---

[1] The Court approves and adopts the background section as stated in the Magistrate Judge's R&R. (Doc. No. 26 at 1-4).

waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151.

The Magistrate Judge concluded that Plaintiff's claims are barred by the doctrine of judicial estoppel. (Doc. No. 26 at 9). Specifically, he found that although Plaintiff had knowledge of a potential discrimination claim against Defendants as early as September 23, 2017, he failed to disclose this potential claim to the Bankruptcy Court in his bankruptcy petition or schedule of assets and liabilities when he filed for Chapter 13 Bankruptcy.[2] Nor did he represent to the Bankruptcy Court that he might have such a claim at any time before the proceeding was terminated in February 2019. (*Id.* at 7). Thus, the Magistrate Judge determined, Plaintiff's omission to the Bankruptcy Court bars Plaintiff from asserting his employment discrimination claims here. (*Id.*). Even if Plaintiff were not judicially estopped from pursuing his claim, the Magistrate Judge found, Plaintiff's claims for race and sex discrimination fail because Plaintiff does not support his allegation that he was discriminated against with anything more than a "checked box." (*Id.* at 8). Finally, according to the Magistrate Judge, Plaintiff's claim against Kim Mitchell in her capacity as a supervisor fails because she is not an employer as defined by Title

---

[2] Plaintiff filed for Chapter 13 Bankruptcy on April 7, 2015, for which a final decree was issued on September 8, 2015. *In re Roan*, Ch. 13 Case No. 3:15-bk-02333 (Bankr. M. D. Tenn. Sept. 8, 2015). Plaintiff also filed for Chapter 13 Bankruptcy on June 25, 2015, and a final decree was issued on May 14, 2019. *In re Roan*, Ch. 13 Case No. 3:15-bk-04354 (Bankr. M.D. Tenn. May 14, 2019).

2

VII, and Title VII does not impose liability against those who are not employers within its meaning. (*Id.* (citing *Wathen v. General Elec. Co.*, 115 F.3d 400, 404-405 (6th Cir. 1997)).

Plaintiff's objections consist of four sentences of argument, 13 attached exhibits, and a few sentences handwritten at the top of each exhibit. (Doc. No. 27). Within those four sentences of argument, Plaintiff appears to set forth two objections to the R&R, neither of which affects the outcome of the Magistrate Judge's proposed factual findings and legal conclusions. First, Plaintiff asserts that no final decree was issued in his bankruptcy proceedings on May 14, 2019. (Doc. No. 27 at 1). Rather, Plaintiff claims that his debt was paid in full on February 26, 2019, before he filed the present action on April 9, 2019. (Doc. No. 27-6 at 1). In support of this assertion, Plaintiff attached as exhibits to his Objections various documents filed by the bankruptcy trustee in which the trustee declares, *inter alia*, that Plaintiff completed his obligations in January 2019 and that Plaintiff's case was *completed* on February 7, 2019. (Doc. No. 27-6 at 3-4). Although Plaintiff is correct that the trustee filed a Notice of Plan Completion and a Final Report and Account, these filings did not have the effect of closing the bankruptcy proceedings. *See* 11 U.S.C. § 350(a) ("After an estate is fully administered and the court has discharged the trustee, *the court* shall close the case.") (emphasis added). Plaintiff's Chapter 13 Bankruptcy Proceedings closed when the final decree was issued on May 14, 2019. Final Decree Issued, In re Roan, Ch. 13 Case No. 3:15-bk-04354 (Bankr. M.D. Tenn. May 14, 2019), ECF No. 81. Although Plaintiff states that "there is 'No' final decree was issued on May 14, 2019," (Doc. No. 27 at 1), a review of the bankruptcy docket shows otherwise.[3] The docket entry states:

---

[3] When considering motions to dismiss under Rule 12, a court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (citation omitted); *see also Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (holding that the district court acted properly when it judicially noticed bankruptcy court documents—not of the facts recited in

> Chapter 13 case is closed. The estate of the debtor(s) in this case has been fully administered. The Chapter 13 Trustee is discharged as trustee of this estate and any bond required is cancelled. Signed on 5/14/2019.

*Id.* Accordingly, Plaintiff's first objection is overruled.

Moreover, whether Plaintiff's bankruptcy case was closed before or after the instant case was filed has no bearing on the Magistrate Judge's finding that Plaintiff's claims are barred by the doctrine of judicial estoppel. The Magistrate Judge found that "[t]here is simply no escaping the fact that reading the record in the light most favorable to Plaintiff, he had knowledge of a potential discrimination claim against the Defendants as early as September 23, 2017." (Doc. No. 26 at 7). Plaintiff does not challenge this finding. And because, as discussed above, the district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed, *Thomas*, 474 U.S. at 151, the Court will adopt the Magistrate Judge's finding that judicial estoppel applies and bars Plaintiff's instant suit.

Second, Plaintiff argues that he "ha[s] documents to show where United Parcel Service was participating in 'Discrimination' and Retaliation." (Doc. No. 27 at 1). Plaintiff's statement, to the extent it can be considered an objection, neither states with particularity the specific portions of the R&R to which he is objecting nor explains how any of the alleged "documents" support the basis of his objection. *See* Local Rule 72.02(a) (stating that objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made, and must be accompanied by sufficient documentation . . . to apprise the District Judge of the bases for the objections."); *Cole v. Yukins*,

---

the documents but the existence of the opinion); *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (holding that a court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion, but may take judicial notice only of facts which are not subject to reasonable dispute). Here, the Court takes notice of the bankruptcy filings, not for the truth of any assertions made therein but for the fact that the filings and various rulings were made.

4

7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). Although the Court acknowledges that Plaintiff is proceeding *pro se* and thus should be cut some proverbial slack, that does not obligate the Court to consider non-specific objections buried within Plaintiff's filings. *See U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (explaining that "[j]udges are not like pigs, hunting for truffles" in the record). Accordingly, Plaintiff's second objection will be overruled.[4]

What Plaintiff needs from the Court to have his purported objections even considered is not merely some slack, but rather a wholesale construction of his objections from scratch based on bits and pieces of remarks made by Plaintiff. This the Court need not and would not do even if it could—and in fact it could not, because to a large extent it does not know what Plaintiff is talking about or how the matters to which he refers would support an objection.

Finally, Plaintiff has filed a "Motion to Dismiss Defendants Response." (Doc. No. 29). In the motion, Plaintiff addresses arguments Defendants made in their Response to Plaintiff's Objections. (Doc. No. 29 at 1). As noted above, this document actually functions substantively not a separate motion but rather a reply to Defendant's Response, which the Court considered when ruling on Plaintiff's Objections. Accordingly, Plaintiff's Motion to Dismiss Defendants' Response (Doc. No. 29) is denied.

---

[4] Plaintiff also asserts that Defendants cannot tell the Court why his hours in wellness were taken away after filing a summons on April 9, 2019. (Doc. No. 27 at 1). This statement is not relevant to any conclusion reached by the Magistrate Judge and will not be considered by the Court. *See Soledad v. Webb*, No. 1:18-CV-00126, 2018 WL 6321240, at *2 (S.D. Ohio Dec. 4, 2018) (refusing to address objections that did not relate to the magistrate judge's report and recommendation).

For the aforementioned reasons, the Court **ADOPTS** and **APPROVES** the R&R (Doc. No. 26). Defendants' motion to dismiss (Doc. No. 14) is hereby **GRANTED**. Plaintiff's Motions to Dismiss Defendant's Response (Doc. No. 29) is **DENIED**. This is the final Order denying all relief in this case. The Clerk is directed to enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE